## THE STATE v. REGINALD CALDWELL, Appellant.

### Division Two, December 22, 1925.

**CARNAL KNOWLEDGE: Evidence of Subsequent Acts.** Evidence for the State that defendant, fourteen years of age, had one act of sexual intercourse with prosecutrix before she was sixteen years of age requires that the case, under the statute relating to carnal knowledge with a female child under sixteen years of age (Sec. 3247, R. S. 1919, as amended, Laws 1921, p. 284a), be submitted to the jury; but evidence of subsequent acts of sexual intercourse is

State v. Caldwell.

inadmissible, and if admitted and defendant is convicted it is such error as requires that the case be remanded.

———————

Corpus Juris-Cyc. References: Rape, 33 Cyc., p., 1483, n. 97.

Appeal from Stoddard Circuit Court.—*Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED.

*J. S. Miller* and *Wammack & Welborn* for appellant.

(1)   The evidence in this case is not sufficient to support a verdict of guilty against the defendant. State v. Tevis, 234 Mo. 284; State v. Goodale, 210 Mo. 282; State v. Hughes, 258 Mo. 272; State v. Manuel, 263 Mo 675; State v. Seay, 282 Mo. 679.   (2)   The prosecutrix having become sixteen years of age on April 27, 1922, and the one point in the case being whether or not defendant had intercourse with her before that date, it was error for the court to admit into evidence letters written by defendant to prosecutrix the last of May, 1922, the Christmas card and ring given by defendant to prosecutrix at Christmas, 1922, and evidence of the child born in July, 1923, and that defendant was the father thereof.   State v. Harris, 283 Mo. 111; State v. Cason, 252 S. W. 690; People v. Freeman, 25 N. Y. App. Div. 583.

*Robert W. Otto,* Attorney-General, and *Harry L. Thomas,* Special Assistant Attorney-General, for respondent.

(1)   Appellant's demurrer at the close of the whole case was properly overruled, there being sufficient evidence to support a conviction.   The act of intercourse was not in question.   The element of force was not an

issue. State v. Remley, 237 S. W. 491; State v. Cox, 263 S. W. 215; State v. Hamilton, 304 Mo. 24. The evidence was sufficient to justify a finding that the age of the prosecutrix was under sixteen years. State v. Shobe, 268 S. W. 81. (2) The admission in evidence of testimony relating to acts of intercourse subsequent to the one charged, is, in a prosecution for statutory rape, error. State v. Guye, 252 S. W. 959; State v. Harris, 283 Mo. 99; State v. Johnson, 225 S. W. 964; State v. Palmering, 199 Mo. 233; State v. Cason, 252 S. W. 690. But, in order to be preserved for review, proper objection must have been made. (3) No date as to the act resulting in conception is fixed. So far as the evidence on that point showed, the birth might have resulted from the act charged. The birth was conclusive evidence that the prosecutrix had sustained sexual relations. State v. Cooper, 271 S. W. 471; State v. Houx, 109 Mo. 654.

HIGBEE, C.—The defendant was charged with the crime of rape in that he did, on the——day of July, 1922, assault and carnally know one Mary Bradham, a female child under the age of sixteen years. [Sec. 3247, as amended, Laws 1921, p. 284a.] The defendant entered a plea of not guilty. On a trial the jury found him guilty as charged and assessed his punishment at two years' imprisonment in the penitentiary. The defendant being under the age of seventeen years, the punishment was commuted to imprisonment for a term of two years in the reform school for boys at Boonville, and defendant appealed.

At the trial the prosecutrix testified that she was sixteen years of age on April 27, 1922, and that on the first or second Sunday before Easter, 1922, which fell on April 9, the defendant (who was then fourteen years old) took her on a drive in an automobile to Taylor schoolhouse and there had sexual intercourse with her. On April 27th the defendant and many young people of her acquaintance attended her birthday party. Over the objection of the defendant the prosecuting witness

testified that after this party the defendant kept her company, was a regular caller at her father's house and repeatedly had sexual intercourse with her, which resulted in her giving birth to a child on July 28, 1923. She also testified that the defendant gave her a ring which she wore at the trial. The evidence of the prosecutrix as to her taking the ride in an automobile referred to was corroborated by other witnesses. There was much evidence offered by the defendant that he did not keep company with the prosecutrix until May 12, 1922, and that the ride to the Taylor schoolhouse was on July 2nd of that year.

The case was very close. The evidence for the State was that the defendant had one act of sexual intercourse with prosecutrix before she was of the age of sixteen years. Evidence of the subsequent acts of intercourse was clearly inadmissible under the ruling in State v. Guye, 299 Mo. 348, 252 S. W. 955, and should have been excluded. [See also State v. Harris, 283 Mo. 99, 222 S. W. 420, and State v. Cason, 252 S. W. 688.]

Other questions raised need not be considered. The judgment is accordingly reversed and the cause remanded. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of Higbee, C., is adopted as the opinion of the court. All of the judges concur.