## THE STATE v. LESLIE GOOCH, TOD GOOCH and DAN GOOCH, Appellants.

### Division Two, May 28, 1926.

1. **APPEAL: Act of 1925: Abolishing Motion in Arrest: Questions Tested by Motion for New Trial.** Since the Act of 1925 (Laws 1925, p. 198) abolishing motions in arrest went into effect, questions presented for consideration on appeal are those raised by the assignments to be found in the motion for a new trial.

2. **INFORMATION: Intoxicating Liquor.** An information charging that defendants, upon a named date, did unlawfully possess intoxi-

cating liquor, to-wit, certain wines, which contained more than one-half of one per centum of alcohol by volume, being potable and capable of being used as a beverage, and otherwise complying with the statute (Sec. 6588, R. S. 1919), is sufficient in form and substance.

3. **SEARCH WARRANT:** Sufficiency. The application of the prosecuting attorney to the justice of the peace for a search warrant, and the search warrant upon which the sheriff acted, are set out in full in the opinion, and are, *held*, upon the authority of many cases recently decided, to have sufficiently complied with the requirements of the law.

4. ————: Application: Controverting Facts Stated Therein. Section 25, of the Act of 1923, Laws 1923, page 244, is a valid statute, and authorizes the justice of the peace, upon the presentation of an application by the prosecuting attorney, stating to the satisfaction of the justice facts from which it appears that there is probable cause to believe that intoxicating liquor is being unlawfully possessed by the parties named, to issue a search warrant; and evidence to controvert the facts so set out in such application is properly excluded.

5. **SEARCH:** Intoxicating Liquor: Contraband: Destruction. A search made by the sheriff, in pursuance of a valid' search warrant, is not rendered void by a destruction of a part of the wine seized by him. The statute (Sec. 25, Laws 1923, p. 244) declares intoxicating liquor to be contraband, with no right of property existing therein on the part of the person in whose possession by the search it is found, and requires the officer after seizing it to destroy it.

6. **INTOXICATING LIQUORS:** Joint Possession: Admission: In Motion to Suppress Evidence. It is immaterial whether admissions of joint possession made by defendants in their joint motion to suppress the evidence obtained by the officers in their search of the dwelling house were made specifically for the purpose of raising constitutional questions relating to the validity of the search warrant, or whether they were made for a different purpose, where the court had jurisdiction of the cause and of the defendants, and the admissions were made under the oath of each. So that where three brothers, jointly charged and jointly tried, filed their joint motion to suppress the evidence obtained by the search of a dwelling house, and therein stated, under the oath of each, that "during all the dates and times aforesaid they occupied and were in possession of their home, constituting their dwelling house" and that the officers "did unlawfully take into their possession a portion of the wine described in the information, together with certain other articles be-

longing to these defendants," and that "for the purpose only of in-
voking their constitutional rights hereunder the defendants ad-
mit possession of said wine on said date," there was sufficient evi-
dence of joint possession of the wine to authorize a conviction of all
three; and particularly so where none of them testified and they
offered no evidence to refute the charge.

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 1248, p.
629, n. 27; Section 1266, p. 638, n. 71 New; 17 C. J., Section 3349, p. 87,
n. 43; Section 3353, p. 92, n. 1 New.    Intoxicating Liquors, 33 C. J.,
Section 371, p. 675, n. 2; Section 378, p. 680, n. 74; Section 385, p. 683,
n. 29 New; Section 397, p. 689, n. 23; p. 691, n. 54 New; Section 457, p.
734, n. 23 New; Section 505, p. 761, n. 53.

Appeal from Chariton Circuit Court.—*Hon. David H.
Harris,* Special Judge.

AFFIRMED.

*Lamb & Lamb* for appellants.

(1)   The application for search warrant in this case
was insufficient.   Mo. Constitution, art. 2, secs. 11, 23;
Laws 1923, p. 244, sec. 25; State v. Lock, 259 S. W. 120;
Lowry v. Rainwater, 70 Mo. 157; State v. Tunnell, 259
S. W. 129; State v. Owens, 259 S. W. 101; Dumbra v.
United States, 268 U. S. 440; 69 L. Ed. 1036; Giles v.
United States, 284 Fed. 208; Atlantic Food Products Corp.
v. McClure, 288 Fed. 982; 24 R. C. L. p. 707, sec. 9; Chipi-
man v. Bates, 40 Am. Dec. 663; Commonwealth v. Leddy,
105 Mass. 381; DeGraff v. State, 103 Pac. 538; Salter v.
State, 102 Pac. 719; People v. Effelberg, 190 N. W. 727;
In re Cloberg, 191 N. Y. Supp. 93; Hannan v. State, 233
Pac. 249; Cooley on Const. Limitations, p. 429; State v.
Baltes, 198 N. W. 285; Cravens v. State, 256 S. W. 432;
Gouled v. United States, 255 U. S. 303, 65 L. Ed. 650.
(2)   The court erred in overruling the motion to sup-
press, because the evidence showed the application to
have been made on hearsay and belief, and the court
erred in refusing to permit appellants to show lack of
knowledge on the part of applicant.   State v. Lock, 259
S. W. 116; State v. Smith, 262 S. W. 65; State v. Hall,
265 S. W. 843; State v. Miller, 266 S. W. 1024; State v.

Shellman, 267 S. W. 941; State v. Huckobe, 269 S. W. 691; State v. Price, 274 S. W. 500; Ex parte Buford, 2 L. Ed. 495; State v. Baltes, 198 N. W. 285; Steele v. United States, 267 U. S. 499, 69 L. Ed. 757; People v. De La Mater, 182 N. W. 58; Tenpenny v. State, 270 S. W. 989; Steele v. State, 270 U. S. 504, 69 L. Ed. 761; People v. Vander Veen, 182 N. W. 61; People v. Christensen, 190 N. W. 237; Griffith v. Commonwealth, 272 S. W. 403. (3) The search within itself was unreasonable. (4) If valid in the first instance, the search was rendered void by the destruction of the goods seized. United States v. Liquor, 291 Fed. 717. (5) No joint possession was shown in the defendants and, since two of the defendants lived with Leslie Gooch, there is no evidence of possession against them. State v. Gatewood, 264 S. W. 42; Terry v. State, 275 S. W. 838.

*North T. Gentry,* Attorney-General, and *Harry L Thomas* and *A. B. Lovan,* Special Assistant Attorneys General, for respondent.

(1) The information is sufficient and in proper form. R. S. 1919, sec. 6588, as amended Laws 1921, p. 414; State v. Stanley, 273 S. W. (Mo. App.) 139. (2) The application for the search warrant was verified by the affidavit of the prosecuting attorney as to its truth "in substance and fact." That was sufficient as a showing of "reasonable cause." State v. Cobb, 273 S. W. 736; State v. Perry, 267 S. W. 828. His positive assertion would subject him to legal responsibility. State v. Locke, 259 S. W. 116. The application and the warrant were sufficient upon their face, and are not subject to collateral attack on controversion by oral testimony. (3) The destruction of intoxicating liquor is expressly directed by statute. The liquor is named as contraband and stripped of all property rights, regardless of court action. Laws 1923, sec. 25, p. 244, 245.

RAILEY, C.—On August 7, 1925, the Prosecuting Attorney of Chariton County, Missouri, filed in the circuit court of said county a verified information, which without caption and verification, reads as follows:

"Comes now John C. Collett, prosecuting attorney within and for the County of Chariton and State of Missouri and upon his official oath informs the court that heretofore on the 11th day of August, 1925, in the County of Chariton and State of Missouri, Leslie Gooch, and Todd Gooch and Dan Gooch did then and there unlawfully and contrary to the provisions of the statutes of the State of Missouri in such cases made and provided possess intoxicating liquor, to-wit: one fifteen-gallon keg of wine; two five-gallon kegs of wine; two one-gallon jugs of wine; and three one-half-gallon jugs of wine; all of said wine containing more than one-half of one per centum of alcohol by volume and being potable and capable of being used as a beverage; against the peace and dignity of the State."

On September 21, 1925, an application for a change of venue against the regular judge of said court was sustained, and Honorable David H. Harris, Judge of the Thirty-fourth Judicial Circuit, was called as a special judge to try this case. The defendants waived formal arraignment and entered pleas of not guilty. They were tried before a jury on September 24, 1925, and the following verdicts were returned:

"We, the jury, find the defendant Leslie Gooch guilty as charged, and assess his punishment at a fine of $100.00.

"JOHN TEBBE, Foreman.

"We, the jury, find defendant Todd Gooch guilty as charged, and assess his punishment at a fine of $100.00.

"JOHN TEBBE, Foreman.

"We, the jury, find the defendant Dan Gooch guilty as charged, and assess his punishment at a fine of $100.00.

"JOHN TEBBE, Foreman."

On September 24, 1925, defendants filed motions for a new trial and in arrest of judgment, both of which were

overruled. Thereafter, on the last-mentioned date, allocution was granted each of said defendants, separate judgments rendered against each, and sentence pronounced on each defendant in conformity with the verdicts aforesaid. An appeal was granted each of said defendants to this court.

On December 14, 1925, the bill of exceptions was filed in the circuit court aforesaid, and the transcript filed herein on February 23, 1926.

The State's evidence is as follows:

O. M. Maupin, Sheriff of Chariton County, testified in substance, that on August 11, 1925, he received a search warrant from Mr. Welker, a justice of the peace; that he executed the same by going to the Gooch residence in said county, and there searched the house, barn and outbuildings; that he and his party found wine in two different closets; that in one closet there were several jugs, half-gallon and gallon-jugs, and a quart bottle about half full, sitting on top of the safe in the kitchen; that in another closet in another room, they found three kegs and one jug; that they seized and brought to Salisbury all the wine they found there; that he was at the home of the three Gooch brothers, the defendants herein; that the defendants returned to their home before he and his party took the wine away; that two of the kegs were five-gallon kegs; that one of them was full of wine and the other about half full of wine; that in the east room of the home, he found two one-gallon jugs of wine in the closet; that they found three one-half-gallon jugs of wine in the closet of the east room, which was not locked.

On cross-examination he testified that he asked Mrs. Gooch for a key to one of the closets, containing wine, which was locked, and she gave him the key; that he poured out some of the wine which he found; that he obtained the above facts and information under the search warrant; that the above occurred in Chariton County,

Missouri; that Leslie Gooch is married and it was *his* wife who gave him the key; that they all live there together; that he left a sample of the wine with Dr. Fellows.

C. W. Cruse, deputy sheriff, testified in behalf of the State, that on August 11, 1925, he went with the sheriff aforesaid to the residence of the defendants, Dan Gooch, Todd Gooch and Leslie Gooch on a searching party; that he found, and helped to find, one five-gallon jug of wine in the attic, or what they called the cellar, but which he would call a smokehouse; that the above five gallons of wine were packed in sawdust; that access to this cellar or room was gained by means of a small door in front, about two and a half feet square; that he saw one fifteen-gallon keg, two five-gallon kegs, one partially filled, one two-gallon stone jug and three or four half-gallon or one-gallon glass jugs; that he helped bring the wine to town; that defendants came home before the wine was moved.

On cross-examination he said that Maupin, Welker and Collett went with him; that Mrs. Gooch was there alone when they arrived at the Gooch home; that she said the defendants were out baling hay on the premises; that the goods they got had some faint smell of wine.

Dr. William Fellows testified for the State substantially as follows: That he is a practicing physician at Salisbury; that he had had experience in examining and testing alcoholic liquors; that he is a chemist and studied chemistry at the University of Missouri, where he graduated in the Medical College; that he was an instructor in the University in some branches; that he had had experience in the analysis of liquids, chemicals, liquors of various kind, to determine their constituent elements and knows how to make the tests; that on August 11, 1925, some liquor was turned over to him for examination; that the wines which the sheriff had were examined by him, and notes made as to the contents of same; that the wine taken from the bottle contained twelve per cent of alcohol; that Exhibit B contained twenty-three per cent of alcohol; that Exhibit C was a sample taken from the

largest keg and contained thirteen per cent of alcohol; that Exhibit D, taken from one of the smaller kegs, contained nine per cent of alcohol; that Exhibit E was taken from a two-gallon brown jug, and contained eight per cent of alcohol; that Exhibit F contained nineteen per cent of alcohol; that Exhibit G contained twenty-three per cent of alcohol; that all of these samples of wine which he tested were *intoxicating liquor;* that he tasted each of these samples and thought you could drink them; that the liquor brought to his office was poured out after the tests were made; that the samples were turned over to him by the sheriff, in company with Mr. Cruse, Mr. Collett and one or two others.

C. W. Cruse was recalled, and identified the wine turned over to Dr. Fellows as the same wine they found at the Gooch home.

Said exhibits A to G inclusive were offered in evidence by the State.

G. W. Welker testified in behalf of the State substantially as follows:   That he was a justice of the peace in Salisbury Township; that on August 11, 1925, he went with the sheriff and his deputy to the home of defendants in the above township in Chariton County, Missouri; that they found at the home of defendants wine as follows:   One keg in the west closet, containing about fifteen gallons; two five-gallon kegs; one five-gallon jug; one one-gallon jug; one two-gallon jug and one one-gallon jug; and another one-gallon jug; three one-half-gallon jugs, and two bottles with a small amount of wine in each of them; that there were thirteen articles in all. This witness issued the warrant, was armed and went with the sheriff to make the search.

The State rested and defendants interposed a demurrer to the State's evidence, which was overruled.

None of the defendants testified in the case.  They put on the stand eight or nine witnesses, who testified that defendants had the general reputation of being law-abiding citizens.

This was all the evidence offered.

The defendants again interposed their demurrer to the evidence at the conclusion of the whole case, which was overruled.

Such other matters as may be deemed important, will be considered in the opinion.

I.    The information and separate verdicts returned in this case are heretofore set out and classify the action as a misdemeanor.    The defendants, however, presented constitutional questions at the inception of the case,

Assignments.    which requires us to pass on the merits of the controversy. The General Assembly in 1925 (Laws 1925, p. 198) repealed Section 4080, Revised Statutes 1919, and re-enacted, in lieu of same, the following:

"The motion in arrest of judgment is hereby abolished" (under Criminal Procedure) "and hereafter all the rights which heretofore could have been saved by the defendants in a motion in arrest, and which have not been waived by failure to make timely objections, may be saved in the motion for a new trial."

The above act became effective on July 9, 1925, and hence the questions presented for our consideration must be determined from an inspection of the motion for a new trial.

II.    Appellants in their assignment of errors do not challenge the sufficiency of the information, but as the second paragraph in the motion for a new trial charges

Information.    the court with error in overruling their objections to the introduction of any evidence under the information we deem it proper to pass upon the sufficiency of the information. It is heretofore set out and speaks for itself.    It charges that appellants, on August 11, 1925, did unlawfully possess intoxicating liquor in Chariton County, Missouri, describing certain wines, which it alleged contained more than one-half of one per centum of alcohol by volume.    It further charged

that said liquor was potable and capable of being used as a beverage. It complies with the requirements of Section 6588, Revised Statutes 1919, as amended by the Laws of 1921, page 414, and is sufficient as to both form and substance. [State v. Griffith, 279 S. W. 135; State v. Pigg, 278 S. W. 1030; State v. Fenley, 275 S. W. 1. c. 43; State v. Stanley, 273 S. W. (Mo. App.) 1. c. 140 and cases cited; State v. Perkins, 240 S. W. (Mo. App.) 851.]

Under Proposition I of their "Points and Authorities" of their reply brief, appellants assert that: "No point is made as to the insufficiency of the form of the information."

We therefore deem it unnecessary to consider this branch of the case further.

Search Warrant.　III. It is claimed by appellants, that the application for a search warrant in this case was insufficient.

Section 6595, Revised Statutes 1919, as amended by the Laws of 1921, was repealed by the Laws of 1923 (Sec. 25, Laws 1923, p. 244, et seq.). Section 25 supra provides that: "The . . . prosecuting attorney of any county, . . . is hereby empowered to file in the circuit court, criminal court, court of criminal correction, or any other court having criminal jurisdiction in the county, or before the judge thereof in vacation, or justice of the peace, an *application* for a search warrant, which application shall be by petition setting forth *substantially* the facts upon which the same is based, describing the place to be searched and the thing or things to be seized as nearly as may be, which petition shall be verified by the oath of the officer filing the same. If it shall appear to the satisfaction of the court in which said petition is filed, or the judge thereof in vacation, or justice of the peace before whom said petition shall be filed, *either* from the facts set forth in said petition *or* from evidence heard thereon, that there is probable cause to believe that intoxicating liquor" is being unlawfully possessed by the parties named, "it shall be the duty of

such court or such officer before which or whom said petition was filed, to issue or cause to be issued a search warrant thereon,'' . . . (Italics ours.)

The defendants introduced in evidence, as their Exhibit Number One, the application filed by the Prosecuting Attorney of Chariton County for a search warrant, which, without caption and verification, reads as follows:

"John C. Collett, Prosecuting Attorney within and for the County of Chariton in the State of Missouri, upon his oath respectfully states and shows that in the hereinafter described buildings and structures, and at and upon the hereinafter described premises and places in said county and State, to-wit:

"The north half of the southeast quarter and the southwest quarter of the northeast quarter of Section 31, Township 53, Range 16, and dwelling house and outbuildings in possession of the Gooch Brothers and all in Chariton County, Missouri, intoxicating liquor is being unlawfully sold, manufactured, stored and kept; that thereat and therein is also being used and kept, a still, doubler, worm, worm tubs, mash tub, fermenting tubs, vessels, fixtures and equipments, and parts thereof used and fit for use in the unlawful manufacture of intoxicating liquor.

"Your petitioner therefor prays that a search warrant be issued, as provided by law, and delivered to the sheriff of said county to any constable authorizing said officer with the necessary assistance to enter the building, structures, premises and places herein above described, either in the daytime or nighttime, by force if necessary and diligently search the same; that he seize all intoxicating liquor found therein or thereat; and all materials and products there being used or fit for use in the unlawful manufacture of intoxicating liquor; that he seize all stills, doublers, worms, worm tubs, mash, mash tubs, fermenting tubs, vessels, fixtures and equipments fond therein or thereat, and fit for use in the unlawful manufacture or production of intoxicating liquor, the same to be dealt with and disposed of according to law; that said officer arrest any person or persons

found using or in possession of or control of any such intoxicating liquor, articles or things to be dealt with according to law, and that he make due return of the execution of said writ as by law provided.

"John C. Collett,

"Prosecuting Attorney."

The defendants then introduced in evidence as their Exhibit Number Two, the search warrant, which, without caption, reads as follows:

"Whereas John C. Collett, the duly elected, commissioned and acting Prosecuting Attorney of Chariton County, in the State of Missouri, on the 11 day of August, 1925, filed before me, the undersigned, a Justice of the Peace within and for the Township of Salisbury, in said county, his duly certified application and petition in writing, as provided by law, stating therein that in the buildings and structures, and upon the premises and place herein below given, to-wit:

"The north half of the southeast quarter and the southwest quarter of the northeast quarter of Section 31, Township 53, Range 16, and dwelling house and buildings thereon occupied by the Gooch Brothers intoxicating liquor is now being unlawfully sold, manufactured and kept; that thereat and therein is also being used and kept a still, doubler, worm, worm tub, mash tub, fermenting tubs, vessels, fixtures and equipments and parts thereof, used and fit for use in the unlawful manufacture of intoxicating liquor and

"BE IT KNOWN, that from the facts set forth in said verified petition and the showing thereby and thereupon made it is found by me that there is probable cause to believe that the laws of the State of Missouri in relation to the prohibition of intoxicating liquor, as set forth in the statutes in such cases made and provided, are being violated at and in the buildings, structures and upon the premises and place described in said petition, and in the manner therein charged.

"You are hereby commanded, in the name of the State of Missouri, with the necessary and proper assist-

314 Mo.—42.

ance, forthwith to enter said buildings, structures and premises and place, in the daytime or nighttime, by force if necessary, and there make a diligent search for intoxicating liquor and for the equipment and utensils used or fit for use in the manufacture of intoxicating liquor, and if any such be found, that you seize and take possession of the same, to be dealt with and disposed of according to law; that you further arrest any person or persons found using, or in possession or control of any such intoxicating liquor, articles or things, that such persons may be dealt with according to law; that you make due and proper return to me of your execution of this warrant as by law provided.

"Given under my hand this 11 day of August, 1925, at my office in Salisbury Township, at the county and state aforesaid.

"G. W. WELKER,
"Justice of the Peace."

The defendants likewise introduced in evidence the return of the sheriff of said county, marked as their Exhibit 3, which, without caption, reads as follows:

"I certify that I served the within writ by making a diligent search of the within described premises and found one fifteen-gallon keg; two five-gallon kegs; one one-gallon jug; one two-gallon stone jug; one one-gallon stone jug; one one-gallon glass jug; three one-half gallon glass jugs; one bottle and two bottles containing intoxicating liquor; the said one bottle and two bottles containing only a small quantity of liquor. Also found one five-gallon jug of brew in the process of fermentation. I further executed the within writ by arresting Leslie Gooch, Todd Gooch and Dan Gooch on said premises, and who represented themselves to be the owners thereof and brought them before G. W. Welker.

"O. M. MAUPIN,
"Sheriff Chariton County Mo."

The trial court heard evidence on appellants' motion to suppress evidence, overruled same, and held that

the petition for a search warrant sufficiently complied with the law and that the search warrant was valid.

Practically every case that comes here of this character contains an exhaustive review of the law relating to the issues above mentioned, and this action presents no exception to the rule, as counsel for appellants have filed elaborate briefs, and made many quotations from the authorities said to sustain their contention. We have, on several occasions, reviewed the above questions in cases where extensive briefs were filed, supplemented by able arguments, but we do not deem it necessary to reconsider these issues which have been definitely settled by this Division. We accordingly hold that the application of the prosecuting attorney of Chariton County, Missouri, for the search warrant aforesaid, sufficiently complied with the law and is valid. We likewise hold that the search warrant, under which the sheriff acted, is valid and complied with the requirements of the law. [State v. Halbrook, 279 S. W. 395 and cases cited; State v. Cockrum, 278 S. W. 700; State v. Cobb, 273 S. W. 736; State v. Perry, 267 S. W. l. c. 831.]

The above assignment of error is accordingly overruled.

IV. The court is charged with error in overruling appellants' motion to suppress the evidence, for the alleged reason that the *application* for a search Application. warrant was made on hearsay, etc.

The court committed no error in refusing to permit appellants to offer evidence for the stated purpose of controverting the facts set out in the application for a search warrant. [State v. Halbrook, 279 S. W. l. c. 399; State v. Cobb, 273 S. W. l. c. 738-9.]

In State v. Halbrook, supra, Judge HIGBEE, in a clear and forceful statement of the law relating to this subject, said: "If the unsupported information of the prosecuting attorney is deemed probable cause for the arrest and incarceration of persons accused by him of a felony, it seems unreasonable, if this public official, charged with

the enforcement of the law for the protection of society, should, while acting under his official oath and in the exercise of his discretion, file a petition for a warrant to search for stolen goods or for evidence of the unlawful manufacture, possession, or transportation of intoxicating liquors, that process should be refused unless and until he should produce further proofs in support of such petition. We are of the opinion that, upon principle and authority, the appellants' contentions are without merit; that the search warrant was issued in compliance with the Constitution and the statute; that Section 25, supra, is in harmony with the search-and-seizure clause of our Constitution; and that the court properly excluded evidence that the prosecuting attorney had no personal knowledge of the truth of the facts stated in his petition for the issuance of the search warrant; and that the motion to quash the search warrant and to suppress the evidence found under the warrant was properly overruled.''

The above contention is likewise overruled.

V. It is asserted by appellants, that the search made by the sheriff was rendered void by the destruction of part of the wine seized by the sheriff. Section 25 of the Act of 1923, Laws 1923, page 244, and following, declared the wine in controversy, to be *contraband,* and without any right of property existing in behalf of appellants. It required the officer after seizing same to destroy it. The constitutionality of Section 25, supra, is not challenged in this case, nor is any such issue tendered in the motion for a new trial. This assignment of error is accordingly overruled. [State v. Halbrook, 279 S. W. 399.]

VI. It is finally claimed that no joint possession was shown in the defendants, and that as two of the defendants lived with Leslie Gooch, there is no evidence of possession against them.

We think there was sufficient evidence adduced at the trial tending to show that all three of the defendants were jointly interested in the wine taken by the sheriff. Neither of the defendants testified in the case. In their joint motion filed in the court below to suppress evidence, they said: "that during all the dates and times aforesaid they occupied and were in possession of their home, constituting their dwelling house, together with the outbuildings in connection therewith, located on the north half of the southeast quarter and the southwest quarter of the northeast quarter of Section 31, Township 53, in Range 16, Chariton County, Missouri. . . . the said C. M. Maupin, as Sheriff of Chariton County, Missouri, his said deputies and assistants, did unlawfully take in their possession a portion of the wine described in the information aforesaid, *together with certain other articles belonging to these defendants.*" (Italics ours.)

The above motion, near the conclusion of same, also contains the following: "That for the purpose only of invoking their constitutional rights thereunder the defendants *admit possession of said wine on said date.*" (Italics ours.)

The foregoing matters were in evidence before the court and jury, and the same admissions are now before this court. It is immaterial whether defendants made the foregoing admissions specially to raise their constitutional questions, or whether they were made for a different purpose. The court had jurisdiction of the cause and likewise of the persons of said defendants. These admissions were made under oath by each defendant. In view of the foregoing, we hold that the above assignment of error is without merit, and is overruled. [State v. Tipton, 307 Mo. l. c. 513; Pate v. Dumbauld, 298 Mo. l. c. 447; State v. Ray, 225 S. W. l. c. 974.]

VII. The reply brief of appellants, under Proposition 5, states: "The appellants do not complain that

**Instruction.** the court did not instruct the jury enough, but that it instructed them on a point on which there was no evidence, to-wit, possession by Todd and Dan.'' We have carefully examined the instructions given by the court, and hold that they correctly stated the law of the case.

VIII. We do not deem it necessary to pursue this inquiry further. The defendants were found in possession of intoxicating liquors in violation of law, **Conclusion.** and the only punishment they received at the hands of the jury was a fine of $100 each. We find no error in the record of which defendants can legally complain. The judgment below is accordingly affirmed. *Higbee, C.,* not sitting.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.