THE STATE v. JIM and DAVE GILDEN, Appellants.

Division Two, December 20, 1926.

**1. SEARCH WARRANT.** A search warrant, issued by a justice of the peace, upon the verified petition of the prosecuting attorney, which affirmatively states the facts on which the petition is based and names the person and describes the premises to be searched, is sufficient to authorize the search.

**2. INTOXICATING LIQUOR: Manufacture: Joint Possession.** The cutting and hauling of wood to the still by one of two brothers in the joint possession of the premises where moonshine whiskey is being made, the transportation by him of other materials used in manufacturing the whiskey, and his knowledge that the wood is being used in the operation of the

still and that the other materials are being used to produce the whiskey, are sufficient facts to authorize the jury to find him guilty of manufacturing moonshine whiskey, although he denies any complicity in the manufacture and his brother claims to be the sole owner and operator of the still.

3. ACCESSORY: Indicted as Principal: Instruction. An accessory before the fact is equally guilty with the principal, and if two brothers are indicted as principals an instruction which properly declares the law on the theory that one of them is accessory before the fact does him no harm.

4. ———: Exemptions from Statutory Operation. The burden is on defendant to establish statutory exemptions which are matters of defense.

Corpus Juris-Cyc. References: **Criminal Law,** 16 C. J., Section 999, p. 531, n. 66; Section 2506, p. 1063, n. 85; Section 2507, p. 1066, n. 89; p. 1067, n. 92; 17 C. J., Section 3554, p. 208, n. 78; Section 3600, p. 272, n. 2; Section 3688, p. 339, n. 64. **Intoxicating Liquors,** 33 C. J., Section 378, p. 680, n. 74; p. 681, n. 84; Section 380, p. 681, n. 92; Section 381, p. 682, n. 96; Section 502, p. 758, n. 80.

Appeal from Douglas Circuit Court.—*Hon. Fred Stewart,* Judge.

AFFIRMED.

*Moore, Farrar & Moore,* for appellants.

(1) Defendant Jim Gilden had nothing to do with the manufacture of corn whiskey, and the only thing he did was to conceal the fact that his brother was committing a felony and to give him aid to avoid conviction and punishment. If so he was guilty of no offense. R. S. 1919, art. 9, chap. 24; State v. Modlin, 197 Mo. 376. (2) Instruction 4 is not the law, and makes no limitation on the relation of the parties, the age or mental capacity of the participant, but simply says "anyone" that assists in the manufacture of corn whiskey is guilty even though they receive nothing or have no financial interest therein. Suppose the co-defendant was a wife or minor child, then such instruction would not be proper. Suppose the co-defendant was *non compos mentis,* then such declaration would be improper, and as a general proposition such instruction is too broad and without proper limitation. (3) The search warrant and all evidence had thereunder is a nullity. State v. Owens, 302 Mo. 365; State v. Lock, 259 S. W. 116. Nor does the case lately decided, State v. Hall, 279 S. W. 102, hold contra to these authorities.

*North T. Gentry,* Attorney-General, and *H. O. Harrawood,* Special Assistant Attorney-General, for respondent.

(1) The defendants' motion to suppress the evidence obtained under the search warrant was properly overruled. State v. Cobb, 273 S. W. 736; State v. Perry, 267 S. W. 831. (2) Instruction 4 is not fatal. State v. Williams, 274 S. W. 434.

WALKER, P. J.—The defendants were jointly charged by information in the Circuit Court of Taney County with the manufacture of hootch, moonshine or corn whiskey. Upon a trial to a jury, on a change of venue to the Douglas County Circuit Court, they were convicted and each sentenced to two years imprisonment in the penitentiary. From this judgment they have appealed.

The defendants were bachelor brothers, living alone on premises in Taney County, let to them by a non-resident owner. In July, 1925, the Sheriff of Taney County, armed with a search warrant, went to the premises occupied by the defendants and after searching the dwelling for liquor and finding none they saw the defendant Jim Gilden coming up from behind a bank about one hundred and twenty-five yards from the house. They went down to the place from which he came and found a still in operation, and about fourteen barrels of mash and several fruit jars containing moonshine or corn whiskey. In a barn near the house they found a barrel containing fifty or sixty gallons and a keg containing about ten gallons of whiskey. In another outbuilding was found a large number of empty sugar sacks, and on the back porch of the dwelling there were three sacks of sugar. They arrested the defendant Jim Gilden, who admitted his knowledge of the manufacture of the liquor, but denied that he had any connection with it, except to cut the wood and haul the water used by his brother. Dave Gilden, the other defendant, came up from behind the bank from which Jim had come while the search was being made. He declared that the still belonged to him and admitted that he had been manufacturing moonshine whiskey, and Jim repeated his denial of participation in the manufacture, saying: "I aint got nothin to do with this still. It aint mine. I chop the wood for Dave and haul in the stuff and he pays me for it."

The testimony of the defendants summarized is, that Dave Gilden built, owned and operated the still, and that his brother Jim had no connection with the same. The latter, in testifying, reiterated his denial of any complicity in the offense charged; that although he knew that the still had been built on their premises and had been in operation for a long time he had nothing to do with it and that he protested against its use by his brother.

I. The validity of the warrant under which the search of the premises of the defendant was made is assailed. The statute (Sec. 25, Laws 1923, p. 244), under which the warrant was issued, requires, among other things, that the prosecuting attorney may file a petition

**Search. Warrant.** verified by his oath before a justice of the peace for a search warrant (as was done in this case), setting forth the facts on which it is based, describing the place to be searched, the thing or things to be seized; the justice before whom the

same is filed, either from the facts set forth in the petition or from evidence heard thereon, that there is probable cause to believe that intoxicating liquor is being unlawfully manufactured, sold, stored or kept on the premises described in the petition or that any of the utensils or instrumentalities named in the statute are being used or kept for the manufacture of intoxicating liquors, shall cause to be issued a search warrant, which shall substantially recite the facts set forth in the petition. This is followed by a declaration of the duties devolving upon the officer to whom the writ has been issued.

This statute has frequently been construed. Where, as here, the warrant affirmatively states the facts on which the petition is based and in so doing names the person and describes the premises to be searched we have held the warrant to be sufficient to authorize the search. [State v. Gooch, 285 S. W. 474; State v. Hall, 279 S. W. 102; State v. Halbrook, 279 S. W. 395.]

II. The still was in operation in the manufacture of whiskey when found by the officers and was on the premises in the possession and actual occupancy of the defendants. Dave Gilden claimed that he owned and operated the still. Jim Gilden admitted that he was aware of its location and use and that he "cut and hauled wood and brought stuff to his brother for its operation" but de-

**Possession.** nied he was guilty of any complicity in the manufacture of whiskey. His joint possession of the premises, the cutting and hauling wood to the still and the transportation of other material to be used in its operation was sufficient to authorize the jury to find him guilty, despite his denial. [Kinney v. State, 285 S. W. (Mo.) 87; State v. Ayres, 285 S. W. (Mo.) 997.]

III. The legal propriety of Instruction Four, given by the court on its own motion, is assailed. It is as follows:

"Gentlemen, if one assists in the violation of the law, knowing at the time that the same is a violation, then one so assisting is equally guilty as the principal, whether he had any interest in the enterprise or not."

The defendants were charged as principals. The evidence was sufficient to sustain the charge. Out of the abundance of caution, however, as we are authorized to conclude from all of the facts, the court construed the testimony so as to sustain the conclusion that Jim Gilden did not participate in the manufacture of the liquor but assisted his brother in so doing. Either under the hypothesis that he was a principal or an accessory before the fact, he was guilty under our statute (Sec. 3687, R. S. 1919) of an offense of the same degree, and the instruction having properly declared the law upon the theory that he was an accessory before the fact he suffered no injury from

the giving of this instruction and has no ground of complaint. The reasoning in support of this conclusion is, that one aiding or abetting in the commission of a felony may be charged in accordance with the facts or as a principal. If charged as a principal and there is evidence, as construed by the trial court, that Jim Gilden assisted rather than participated in the crime, an instruction on a common design or purpose, such as Instruction Four may be designated, was not error.

There was no evidence authorizing the incorporation in Instruction Four of the statutory exemptions designated in Section 3688, Revised Statutes 1919, and hence it was not necessary to refer to them. Whether referred to or not they were matters of defense and the burden was on the defendants to establish them to entitle them to the benefit of the same. [State v. Miller, 182 Mo. 370, 81 S. W. 867.]

IV.   Instruction D, asked by the defendants and refused, incorrectly declared the law as to the non-liability of Jim Gilden and the court having given a proper instruction on this subject, the defendants' instruction was properly refused.

We have found it necessary, on account of the nature of the briefs and the statements of facts of both parties, to refer solely to the transcript in the determination of this appeal. In the absence of error the judgment of the trial court is affirmed. All concur.