THE STATE v. GREENSPAN, *Appellant.*

Division Two, January 19, 1897.

Criminal Practice: SUPREME COURT: APPEAL JURISDICTION. The supreme court, which has jurisdiction of appeals in felony but not in misdemeanor cases, is without jurisdiction of an appeal where, though the indictment charged a felony in receiving stolen property of greater value than $30, the jury found the defendant guilty of petit larceny in receiving property of less value than $30, thereby reducing the offense to a misdemeanor.

*Appeal from St. Louis Criminal Court.*—HON. H. L. EDMUNDS, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Claiborne & Anderson* and *R. S. McDonald* for appellant.

*R. F. Walker*, attorney general, for the state.

It appears from the record that the appellant was indicted for a felony, viz., receiving stolen property,

etc., of the value of $33.60, but was convicted of a misdemeanor, viz., receiving stolen property of the value of less than $30. This court therefore has no jurisdiction of the appeal and the cause should be certified to the St. Louis court of appeals. *State v. White*, 109 Mo. 223; *State v. Saye*, 109 Mo. 225.

BURGESS, J.—Defendant was indicted in the criminal court of the city of St. Louis for receiving stolen property of the value of $33.60. He was subsequently put upon his trial, was found guilty of receiving stolen property of less value than $30, and his punishment fixed at a fine of $50. He then appealed to this court.

It is now insisted by counsel for the state that this court has no jurisdiction of the case, and that it should be certified to the St. Louis court of appeals.

This court has appellate jurisdiction of felony cases only. So, where a defendant is convicted of a felony under an indictment charging him with such an offense, the fact that a less punishment is imposed does not reduce the offense to a misdemeanor, and in such case this court has appellate jurisdiction. *State v. Melton*, 117 Mo. 618. But where the conviction is for a misdemeanor, as in the case in hand, this court has no jurisdiction.

Section 3547, Revised Statutes, 1889, provides, that every person who shall steal, take and carry away any money or personal property, etc., of another, under the value of $30, not being the subject of grand larceny, shall be guilty of petit larceny, and, on conviction, shall be punished by imprisonment in the county jail not exceeding one year, or by fine not exceeding $100, or by both such fine and imprisonment. The following section provides that if, upon a trial for grand larceny, the evidence shows the value of the property taken would constitute a case of petit larceny,

the defendant may be convicted of that offense. Section 3553, Revised Statutes, provides, that any person who shall be convicted of receiving money or property, knowing that the same has been stolen from another, shall be punished in the same manner, and to the same extent, as for stealing the money, property or other thing so bought or received.

Under the statute if the jury found the value of the goods to be less than $30, they could not have found him guilty of a felony, but could only have found him guilty, as they did, of a misdemeanor. The statute in this particular is unlike statutes which make certain offenses felonies, and grade the punishment, in that, in this case if the goods were received knowing them to be stolen, and were of less value than $30, the offense was but petit larceny, which is declared to be a misdemeanor, and only punishable as such. Therefore this court has no jurisdiction of the case, and it will be ordered transferred to the St. Louis court of appeals. All of this division concur.