STATE OF MISSOURI, Respondent, v. KID AMOS, Appellant.

St. Louis Court of Appeals, April 2, 1912.

1. CRIMES AND PUNISHMENTS: Appellate Practice: Failure to Prosecute Appeal. Where the defendant in a criminal case appeals from a judgment of conviction, and fails to file a transcript of the proceedings or a certified copy of the judgment and order granting the appeal, within the time prescribed by law, the appeal will be docketed and dismissed for failure to prosecute it, upon a transcript being filed by the state.

2. ————: Appellate Jurisdiction: Indictment for Felony and Conviction of Misdemeanor. Where, in a criminal prosecution, the defendant is indicted for a felony but is convicted of a misdemeanor, the Court of Appeals has jurisdiction of the appeal.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields,* Judge.

APPEAL DISMISSED.

*John A. Gernez* for appellant.

*Seebert G. Jones,* Circuit Attorney, and *Forrest G. Ferriss,* Assistant Circuit Attorney, for respondent.

REYNOLDS, P. J.—One Kid Amos was proceeded against on information of the circuit attorney of the city of St. Louis and in the circuit court of that city for a felonious assault, as it is charged, in that he feloniously, etc., shot at one McTigue with a loaded pistol with intent, feloniously, etc., to kill. On a trial he was found guilty of a common assault and his punishment fixed at imprisonment for six months in the city jail. From this sentence and judgment the defendant prayed an appeal to this court and, the appeal being allowed, filed a recognizance in the sum of

$500 with surety, conditioned that the defendant appear at the next term of this court and abide the judgment of that court. This was on the 29th of July, 1909. It appears by the transcript, which has been filed in this court by the circuit attorney of the city of St. Louis, that no bill of exceptions had ever been filed nor was a certified copy of the judgment or sentence and of the order allowing the appeal ever filed in this court. Filing a certified transcript showing these facts, the circuit attorney of the city of St. Louis now moves the court to dismiss the appeal or make such other order in the premises as may be just and proper.

Our Supreme Court in State v. Greenspan, 137 Mo. 149, 38 S. W. 582, has held that where the defendant is convicted of a felony under an indictment charging him with such an offense, the fact that a less punishment is imposed does not reduce the offense to a misdemeanor and in such case the Supreme Court has jurisdiction, but where the conviction is for a misdemeanor it has none. Applying this to the case before us, the conviction here was for a misdemeanor, over an appeal in which this court has jurisdiction. The case will be docketed forthwith, and for failure of the defendant to prosecute the appeal, it is dismissed. *Nortoni* and *Caulfield, JJ.*, concur.