THE STATE v. ED MOHR, Appellant.

Division Two, December 20, 1926.

**1. APPELLATE JURISDICTION: Misdemeanor: Constitutional Question.** Although the information charges only a misdemeanor, this court has appellate jurisdiction where a constitutional question is raised, in the motion to quash a search warrant, by objection to the introduction of evidence under the information and by assignment in the motion for a new trial.

**2. DEMURRER TO EVIDENCE: Appellate Practice: Substantial Evidence.** In the consideration of a demurrer to the evidence the appellate court does so on the theory that the State was entitled to have the jury draw every reasonable inference which fair-minded men of average intelligence might draw from the proven facts adduced, and on the other hand it is its plain duty to reverse the verdict if there is no substantial evidence in the record to sustain the charge.

**3. INTOXICATING LIQUOR: Possession: Irrelevant Matters.** There being no charge that defendant operated a still, or that he manufactured or sold intoxicating liquor, testimony relating to a concrete vat, a covered fence and trees surrounding the vat, the presence of ashes near the vat and the presence of barrels which smelled like they contained mash, is wholly irrelevant in considering whether there is substantial evidence to sustain the charge that defendant was unlawfully in possession of the intoxicating

liquor described in the information, and is not even a circumstance tending to show possession; and if timely objection thereto is made, it should be excluded.

4. ——: ——: **Conjecture.** The fact that three gallons of moonshine and forty-eight quarts of home brew were found on defendant's 180-acre farm, about a quarter of a mile from his house, in a woods about fifty feet from a highway, is not substantial proof that he was in the unlawful possession of intoxicating liquor, where he bore a good reputation, denied ownership at the time they were found and asserted that he knew nothing about them, and testified that neither the whiskey nor home brew belonged to him, that he did not know they were on his premises, had given no one permission to put them there, and that he had never owned or possessed either moonshine or corn whiskey.

5. **SEARCH WARRANT: Specific Facts: Appellate Jurisdiction.** The affidavit of the prosecuting attorney, upon which a justice of the peace issues a search warrant, need not set out the specific facts showing probable cause, and the search warrant based on such affidavit is not an unconstitutional warrant because the affidavit does not detail the specific facts; and this being the holding in many cases decided by this court, attention is called to them in order that a misdemeanor case may not be brought to this court on the ground that the search warrant, for lack of such specific facts, is not a constitutional warrant.

Corpus Juris-Cyc. References: **Courts,** 15 C. J., Section 512, p. 1081, n. 65. **Criminal Law,** 16 C. J., Section 1173, p. 605, n. 16; Section 1570, p. 766, n. 77, 78; 17 C. J., Section 3277, p. 22, n. 77; Section 3569, p. 223, n. 38. **Intoxicating Liquors,** 33 C. J., Section 371, p. 676, n. 3; Section 505, p. 761, n. 53; p. 762, n. 59.

Appeal from Cole Circuit Court.—*Hon. Henry J. Westhues,* Judge.

REVERSED AND REMANDED.

*H. P. Lauf* for appellant.

(1)  The search and seizure in this case was unreasonable and unlawful. State v. Smith, 262 S. W. 65; State v. Owens, 259 S. W. 100; State v. Lock, 259 S. W. 116; State v. Tunnell, 259 S. W. 128; Sec. 25, Laws 1923, p. 244; Art. 2, Secs. 11 and 23, Mo. Constitution, 4th and 5th Amendments of U. S. Constitution.  (2)  The court erred in failing to instruct on all the law in this case.  (a)  The evidence cannot be said to be more than circumstantial, and the court should have instructed the jury on the meaning of that term.  16 C. J. sec. 2433; State v. Bond, 191 Mo. 560; State v. Nerzinger, 220 Mo. 47; State v. Hubbard, 223 Mo. 84; 2 Brasfield Crim. Law (2 Ed.) sec. 2447.  (b)  The court should have defined the word possession. 33 C. J. sec. 547, p. 790.  (3)  The evidence is insufficient upon which to base a verdict of guilty, and the court erred in overruling the demurrer offered at the close of the State's case and at the close of all the testimony.  State v. Gatewood, 264 S. W. 42; State v. Hanger, 193 Pac. 1052; Smith v. State, 234 S. W. 894; Cook v. State, 239 Pac. 682; Troutner v. Commonwealth, 115 S. E. 694;

Vaughn v. State, 115 S. E. 670; Fife v. State, 116 S. E. 912; Link v. Commonwealth, 251 S. W. 1016; Troup v. State, 117 S. E. 410; State v. Harris, 211 Pac. 944; State v. Cox, 179 Pac. 575; Chicco v. United States, 284 Fed. 434; State v. Fargo, 251 S. W. 84; State v. Ferrell, 248 S. W. 979; State v. Day, 245 S. W. 571; State v. Whitsell, 245 S. W. 597.

*North T. Gentry*, Attorney-General, and *H. O. Harrawood*, Special Assistant Attorney-General, for respondent.

(1)   As all the liquor was found out in the open and not in any building, no search warrant was necessary. State v. Cobb, 273 S. W. 739; State v. Zugras, 267 S. W. 804; Elrod v. Moss, 278 Fed. 123; State v. Spaugh, 200 Mo. 571; State v. Underwood, 75 Mo. 230; State v. Evans, 161 Mo. 95; State v. McNally, 87 Mo. 644; State v. Grant, 79 Mo. 113.   (2)   The evidence was sufficient to take the case to the jury. The appellate court will not interfere. State v. Hughes, 258 Mo. 272; State v. Bellknapp, 221 S. W. 45; State v. Regan, 280 Mo. 57; State v. Oertel, 280 Mo. 137; State v. Long, 257 Mo. 208; State v. Yandell, 201 Mo. 662; State v. Arnett, 210 S. W. 83.

RAILEY, C.—On October 26, 1925, the Prosecuting Attorney of Cole County, Missouri, filed in the circuit court of said county, a verified information which, omitting formal parts, reads as follows:

"Comes now Sam S. Haley, Prosecuting Attorney within and for the County of Cole and State of Missouri, for and on behalf of the State of Missouri, and upon his oath of office informs the court that Ed Mohr and Albert Mohr, late of the County of Cole and State of Missouri, on the 18th day of October, 1925, at and in said county and state, did unlawfully have in their possession a quantity of intoxicating liquor, to-wit, seven quarts, more or less, of moonshine whiskey, and 28 quarts, more or less, of home brew beer; against the peace and dignity of the State."

Both defendants were arraigned, and each was tried before a jury and, on December 4, 1925, the following verdicts were returned:

"We, the jury, find the defendant, Ed Mohr, guilty as charged in the information and assess his punishment at $300.

"W. A. Moore, Foreman."

"We, the jury, find the defendant, Albert Allen, guilty as charged in the information and assess his punishment at $300.

"W. A. Moore, Foreman."

Thereafter, during the same day, both defendants filed their joint motion for a new trial. On February 24, 1926, the above motion was overruled as to defendant Ed. Mohr, and sustained as to defendant Allen Mohr, although the ground on which it was sustained does

not appear in the record. Thereafter, on above date, defendant Ed Mohr was granted allocution, judgment rendered against him, sentence pronounced in conformity with the verdict aforesaid, and an appeal allowed him to this court.

The testimony on the part of the State tends to show that widow Mohr owned, and was living on her farm, containing about 180 acres of land on No. 15 State Highway, located about three miles west of Jefferson City, Missouri; that she and defendant operated the farm together and, after paying the expenses of operation, if anything was left, it was to be divided between them.

Walter Withaup, Deputy Sheriff of Cole County, testified, in substance, that on October 16, 1925, he had a search warrant, issued by a justice of the peace, which authorized him to search the premises aforesaid for intoxicating liquor; that some distance from the house he found a concrete vat, about three feet deep in the ground, about three feet wide and about twelve feet long; that the vat was surrounded by a rail fence, and there were some mash barrels close by that smelled of mash; that a number of cedar trees had been transplanted along this fence; that the bottom of the trees was about the size of his leg; that white oak limbs had been placed against the rail fence; that up in the woods between the house and the highway, he found four or five quart bottles of corn whiskey; that he found some beer about fifty feet from the highway and on west side of same; that the beer was in the edge of the pear orchard and in the grass, where the woods and the orchard join; that a photograph of the vat was offered in evidence and examined by the jury; that defendant said the trees were planted near the vat to shade the calves; that the return on the search warrant shows he found on said premises, and confiscated, three gallons of moonshine whiskey more or less, and forty-eight quarts of home brew more or less; that they found the beer about fifty feet from the highway; that defendants denied ownership of the liquor; that over the objection of defendant, the witness produced six separate quart bottles of whiskey which were offered in evidence; that where the home brew or beer was found, it was approximately a quarter of a mile from the Mohr house; that the concrete vat is located about 150 feet from the house; that the beer was located near the highway.

The foregoing constituted the State's evidence in chief. The defendant's demurrer to said evidence having been overruled, he testified in his own behalf, that the barrels mentioned in evidence were used by them for making vinegar; that neither the whiskey nor the home brew belonged to him; that he did not know they were on the premises; that he gave no one permission to put them there; that it was 1491 feet from the house to where the whiskey was found; that he denied possession of it when arrested; that he never had any

mash, or still on the farm; that he never sold any moonshine or home brew.

Albert Mohr and his mother each testified that they knew nothing about the whiskey and beer aforesaid.

A number of witnesses testified that they knew the general reputation of defendant, as to being a truthful, law-abiding citizen and that it was good.

The defendant closed his defense, and as no other evidence was offered, interposed at the conclusion of the case a demurrer to the evidence, which was overruled.

Other matters connected with the case will be disposed of later.

I. We were under the impression during the oral argument of this case, that defendant was charged with the unlawful sale of moonshine whiskey and beer, but we find on examination of the information heretofore set out, that he is simply charged **Appellate** with the unlawful possession of said liquor. He was **Jurisdiction.** therefore prosecuted for a misdemeanor, and as a constitutional question was raised in the motion to quash the search warrant, by objection to the introduction of evidence under the information, and by the assignment in the motion for a new trial, the cause is properly here for review.

Section 6588, Revised Statutes 1919, as amended by the Laws of 1921, page 414, reads as follows:

"It shall be unlawful for any person . . . to . . . possess . . . intoxicating liquors within, . . . the State of Missouri, except as hereinafter provided," . . .

There is nothing in the record before us which could operate as an exception in this case.

It is strenuously insisted by appellant that his demurrer to the evidence should have been sustained at the conclusion of the case. In considering this question, we must do so on the theory that the State was entitled to have the jury draw every reasonable inference which fair-minded men of average intelligence might **Demurrer to** draw from the proven facts in the case. If, on the **Evidence.** other hand, there is no substantial evidence in the record to sustain the charge that defendant was unlawfully in possession of the liquor mentioned in evidence, it becomes our plain duty to reverse and remand the cause. It should be kept in mind, *that he is not charged with operating a still, nor manufacturing or selling intoxicating liquor.* The testimony relating to the concrete vat, the fence and trees surrounding same, the barrels that smelled like they had contained mash, the pile of manure and the ashes found near the vat, are wholly *irrelevant* to the issue, as to whether defendant was in *possession* of the whiskey and beer described in evidence.

The above testimony in regard to the vat, etc., was objected to, and defendant's counsel asked that it be stricken out. Counsel for the State said: "It is just a circumstance tending to show possession." We are of the opinion, that the above matters relating to the vat, etc., had no proper place in the case and should have been excluded.

When reduced to its final analysis, the record shows, that no legal evidence was introduced as to defendant's *alleged possession of the liquor,* and the jury were permitted to draw the inference from defendant's joint possession of the land, that he must have known the liquor was there and had control of same. Defendant established a good reputation for truthfulness and for being a law-abiding citizen. He denied under oath that he was the owner of the liquor or that he knew it was there. He made no admissions in respect to same, but asserted when arrested that he knew nothing about the liquor. No evidence was offered tending to show that he was a drinking man, that he had ever been seen in possession of intoxicating liquor, or that he had ever sold or made the same. With the presumption of innocence surrounding him, how can it be said that he was convicted on substantial evidence? It would be a startling proposition, should we announce—as contended for by the State in this case—that a farmer, with a good reputation for being a law-abiding citizen, might be convicted of crime *solely* on proof that intoxicating liquor had been found on some portion of his 180-acre farm, in the teeth of his sworn testimony that he was not aware of its presence on his premises. We are of the opinion that the evidence in this case is based purely upon suspicion and that it does not even rise to the dignity of respectable conjecture. [State v. Capps, 278 S. W. 698, and cases cited; State v. Buckley, 274 S. W. 74; State v. Tallo, 274 S. W. 469; State v. Goodson, 299 Mo. 321, 252 S. W. 389; State v. Bowman, 294 Mo. 245, 243 S. W. 110; State v. Singleton, 294 Mo. 346, 243 S. W. 147; State v. Hollis, 284 Mo. 627, 225 S. W. 952; State v. Morney, 196 Mo. 49, 93 S. W. 1117; Pate v. Dumbauld, 250 S. W. 53, and cases cited; Perkins v. Wilcox, 242 S. W. 979.]

The court below, on the facts presented in the record, should have sustained defendant's demurrer to the evidence at the conclusion of the case.

II.   Counsel for appellant has spent a large portion of his brief in trying to convict the court of error in overruling his motion to quash the search warrant and suppress certain evidence. The court followed the latest rulings of the Supreme Court on this subject and committed no error in said ruling. [State v. Gooch, 285 S. W. 474; State v. Halbrook, 279 S. W. 395; State v. Cockrum, 278 S. W. 700; State v. Cobb, 273 S. W. 736; State v. Perry, 267 S. W. 831.]

**Search Warrant.**

316 Mo.—14.

We call attention to above authorities, in order that misdemeanor cases may no longer be brought to this court by attacking the search warrant on the ground that the affidavit of the prosecuting attorney for the search warrant is *unconstitutional*, because it does not set out the specific facts showing probable cause.

III. It is possible on a re-trial of the cause that the State may be able to produce sufficient evidence, within our ruling, to sustain a conviction. On the record, however, as it stands, the judgment below is reversed and the cause remanded. *Higbee, C.*, concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.