STATE of Missouri, Respondent,

v.

Kenneth Adreon KIPLINGER, Appellant.

No. 52140.

Supreme Court of Missouri,
Division No. 1.

March 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Ray L. Siggins, Special Asst. Atty. Gen., Kansas City, for respondent.

Henry G. Morris, St. Louis, for appellant.

SEILER, Judge.

Defendant appeals from a conviction, upon trial by the court, of the offense of malicious destruction of property (a garage) by fire, a misdemeanor, Section 560.395, V.A.M.S. His punishment was assessed at one year in the St. Louis County jail. Defendant contends his alleged oral confession testified to by a police officer, was not voluntary and that defendant was denied assistance of counsel while in police custody, thus violating defendant's rights under Sections 10 and 19 of Article I of the 1945 Constitution, V.A.M.S. and the Fifth, Sixth and Fourteenth Amendments to the federal constitution; that therefore this case involves "the construction of the Constitution of the United States or of this state", so that this court has jurisdiction. We do not agree.

Defendant does not claim indigency and was represented at his trial and here by counsel of his choice.

Defendant filed a motion to suppress the evidence of his alleged oral confession, on which a hearing was held by the judge of Division No. 5, consisting of the testimony of defendant and his attorney on one side and the testimony of the police captain, Captain Vasel, and the arresting officer, Officer Wendel, on the other. The motion was overruled. The trial of the charge, a jury being waived, was heard beginning November 23, 1965, before the judge of Division No. 9. The motion to suppress was renewed at trial. The trial judge stated he would take the motion to suppress with the case. At the conclusion of the evidence the trial court made no specific finding with reference to the oral confession, although he permitted the state to prove the same over objection and without the confession the state would not have made out a case. Upon the close of the case the court overruled the motion to suppress evidence and ruled that "upon the evidence adduced the Court will find the defendant guilty of the offense of malicious destruction of property." Presumably, therefore, the court concluded the confession was voluntary.

The meaning of the constitutional provisions relied upon by defendant as applied to confessions is not disputed by the parties. Both the state and the defendant agree in their brief the state is constitutionally prohibited from using any but a voluntary confession against an accused in a criminal trial. It is firmly established as a matter of federal and state constitutional law that a conviction of crime based upon a coerced or involuntary confession cannot stand. It is not an open question. The decisions establishing this principle have already been written, see the United States Supreme Court cases collected in annotation in 12 L.Ed.2d 1340; also State v. Anderson (Mo.Sup.) 384 S.W.2d 591; State v. Statler (Mo.Sup.) 383 S.W.2d 534, 538; State

v. Bunton (Mo.Sup.) 291 S.W.2d 122, 125, and the assertion of this established principle as a basis for relief does not fix jurisdiction in this court as thereby involving construction of the Constitution, State v. Harris (Mo.Sup.) 321 S.W.2d 468; Nelson v. Watkinson (Mo.Sup.) 260 S.W.2d 1, 2; State v. Mohr, 316 Mo. 204, 289 S.W. 554; Washington University Law Quarterly, "Missouri Appellate Jurisdiction", Vol. 1964, pp. 491–496. What is involved here is a claim by defendant that his constitutional rights were violated with respect to admission of the alleged oral confession. The state contends they were not. This turns on the application of the facts to well established principles and does not involve construction of the Constitution in the sense required to give this court jurisdiction it would not otherwise have in an appeal involving a misdemeanor conviction.[1]

Does the contention defendant was denied right to counsel give this court jurisdiction? As has been pointed out, 6 Ariz.L.R. 280, "The right to assistance of counsel has two elements: the right to retain counsel; and the right, in certain situations, to have counsel appointed." Defendant is not an indigent and it is not contended that counsel should have been provided for him by the state; the contention is that he was prevented from exercising his right to obtain counsel of his own. There is no doubt of such a right in criminal prosecutions, Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977; Chandler v. Fretag, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4; Section 18(a), Article I, 1945 Constitution; State v. Johnstone (Mo.Sup.) 335 S.W.2d 199, 207. This includes misdemeanor prosecutions, Patterson v. Warden, 372 U.S. 776, 83 S.Ct. 1103, 10 L.Ed.2d 137; City of Webster Groves v. Quick (Mo.Sup.) 319 S.W.2d 543, 545; Ex parte Stone (Mo.App.) 255 S.W.2d 155. Again there is no open issue, nothing calling for constitutional construction by this court. Defendant had a right to obtain counsel of his choice and the question is whether, under the facts, he was deprived of that right.

We do not have jurisdiction and the case is ordered transferred to the St. Louis Court of Appeals.

All concur.

---

1. The foregoing applies to jurisdiction on *original* appeal. It would not, of course, prevent determination by this court of the merits of a misdemeanor case arriving here by *transfer* under Section 10, Article V of the Constitution.