**STATE of Missouri, Respondent,**

v.

**Murphy C. JONES, Appellant.**

**No. 55978.**

Supreme Court of Missouri,
Division No. 2.

May 10, 1971.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

Roger L. Scherck, St. Louis, for appellant.

MORGAN, Judge.

Defendant was charged with common assault, a misdemeanor by virtue of Section 559.220, V.A.M.S., and upon trial to the court was found guilty and sentenced to sixty days in the City Workhouse of St. Louis. On appeal to this court, he contends he was denied assistance of counsel in violation of his constitutional rights.

The record reflects that defendant entered a plea of not guilty at his arraignment on April 9, 1970; that he was released on bond; that after several continuances, the trial was had before the court on June 12, 1970; and, that defendant acted as his own attorney. It further appears that defendant had self-employed counsel file a motion for new trial and perfect this appeal. It is also of some interest that the usual printed brief has been filed on defendant's behalf.

 Initially, we are concerned with our jurisdiction in this case. Article 5, Section 3, 1945 Constitution of Missouri. As was said in State v. Kiplinger, Mo., 414 S.W.2d 547, 549, the right to counsel has two elements, i. e., the right to retain counsel and the right, in certain situations, to have counsel appointed. There is no claim of indigency and, as noted, the record tends to establish that defendant was not indigent. His contention can only be that he was denied the right to retain counsel. His right to do so is too well established in our jurisprudence as to call for discussion, and the same principle is applicable in connection with a misdemeanor charge. Ex Parte Stone, Mo.App., 255 S.W.2d 155; State v. McClinton, Mo., 418 S.W.2d 55.

Defendant had a right to obtain counsel of his choice, and the question presented is whether or not he was deprived of that right. "This turns on the application of the facts to well established principles and

 

does not involve construction of the Constitution in the sense required to give this court jurisdiction it would not otherwise have in an appeal involving a misdemeanor conviction." State v. Kiplinger, supra, 414 S.W.2d l.c. 549.

We do not have jurisdiction and the cause is ordered transferred to the St. Louis Court of Appeals.

All of the Judges concur.