Lonnie GARRETT, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 57680.

Supreme Court of Missouri,
En Banc.

June 14, 1972.

Edward F. O'Herin, New Madrid, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Neil MacFarlane, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant, Lonnie Garrett, on June 9, 1959, entered a plea of guilty in Mississippi County, Missouri, to a charge of burglary and larceny.

Thereafter, appellant was convicted in the Circuit Court of New Madrid County, Missouri, of robbery in the first degree (V.A.M.S.Sec. 560.120), and his punishment was assessed under the Habitual Criminal Act (V.A.M.S. Sec. 556.280) at imprisonment for a term of thirty years (V.A.M.S. Sec. 560.135). On his direct appeal, this Court held that the findings of the trial court as to the prior conviction

were insufficient under V.A.M.S. Sec. 556.280, supra, and remanded the case for new findings and resentence (State v. Garrett, Mo.Sup., 416 S.W.2d 116).

Thereafter, the trial court made findings under the Habitual Criminal Act and sentenced appellant to imprisonment for a term of twenty years. Appellant again appealed to this Court and his judgment of conviction was affirmed (State v. Garrett, Mo.Sup., 435 S.W.2d 662).

In 1969, appellant filed a motion to vacate sentence under Rule 27.26, V.A.M.R., relying upon Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, and challenging the invocation of the Habitual Criminal Act on the assertion that he was without counsel when he entered a plea of guilty in Mississippi County in 1959. The trial court denied the motion to vacate, and on appeal this Court reversed and remanded the case for a hearing and finding in compliance with the law set forth in Losieau v. Sigler, 8 Cir., 406 F.2d 795 (Garrett v. State, Mo.Sup., 459 S.W.2d 378).

On October 28, 1971, a hearing was held in New Madrid County, and, on January 4, 1972, the trial court entered findings of fact and conclusions of law, and denied the motion to vacate sentence. On January 13, 1972, appellant filed a notice of appeal to this Court and to the Missouri Court of Appeals, Springfield District. A transcript on appeal was filed in this Court on March 22, 1972.

We must determine whether appellate jurisdiction is in this Court or in the Missouri Court of Appeals, Springfield District. Article V, Sec. 3, Const. of Missouri (as amended at special election August 4, 1970, effective date January 1, 1972) V.A.M.S., reads as follows:

"The supreme court shall have exclusive appellate jurisdiction in all cases involving the construction of the Constitution of the United States or of this state, the validity of a treaty or statute of the United States, or any authority exercised under the laws of the United States, the construction of the revenue laws of this state, the title to any office under this state, in all appeals involving offenses punishable by a sentence of death or life imprisonment, and except as provided in this section, in other classes of cases provided by supreme court rule unless otherwise changed by law. The court of appeals shall have general appellate jurisdiction in all cases except those within the exclusive jurisdiction of the supreme court."

We reach the following preliminary conclusions:

(1) Appellant's challenge to invocation of the Habitual Criminal Act, on the assertion that he was without counsel when he entered a plea of guilty in Mississippi County in 1959, raises issues which are governed by well-established principles and do not involve " * * * the construction of the Constitution of the United States or of this state * * *." State v. Kiplinger, Mo.Sup., 414 S.W.2d 547; State v. Jones, Mo.Sup., 466 S.W.2d 688.

(2) The "offense" involved in this case is robbery in the first degree because appellant was *convicted* of robbery in the first degree. The offense of which appellant was *convicted*, and not the offense *charged*, is determinative on the question of jurisdiction. State v. Greenspan, 137 Mo. 149, 38 S.W. 582; State v. Woodson, 248 Mo. 705, 154 S.W. 705; State v. Supinski, Mo.App., 378 S.W.2d 602.

(3) If robbery in the first degree is an offense "punishable by a sentence of death or life imprisonment," this appeal from a ruling under S.Ct. Rule 27.26, V.A.M.R., is an appeal "involving" such offense, and jurisdiction is in this Court.

(4) The offense of robbery in the first degree (not by means of a dangerous and deadly weapon) is punishable by a sentence of five years as a minimum and life imprisonment as a maximum. V.A.M.S.

Secs. 560.135 and 546.490; State v. De Shon, 334 Mo. 862, 68 S.W.2d 805.

(5) The essential question then is: what is meant by the phrase "punishable by a sentence of death or life imprisonment"?

■ We have concluded that the phrase "punishable by a sentence of death or life imprisonment" embraces "only those offenses having as alternative punishments life imprisonment or death," and "does not embrace offenses which have a sentence of less than life imprisonment as a minimum and a maximum of either life imprisonment or death." Jaramillo v. District Court, Colo., 480 P.2d 841, 842, 843 (1971). In Missouri, for example, murder in the first degree has alternative punishments of death or life imprisonment. V.A.M.S. Secs. 559.010 and 559.030.

The amendment of August 4, 1970, reaffirms the duty of this Court to exercise "general superintending control over all inferior courts and tribunals" in Missouri (Art. V, Sec. 4). This Court *now* has authority to perform this function, generally under Art. V, Sec. 4, and specifically under Art. V, Sec. 10. For example, we have entered an order, effective this date, directing all districts of the Missouri Court of Appeals, until further order of this Court, to transfer to this Court, *before opinion* (Art. V, Sec. 10), all appeals (direct or under Rule 27.26) involving convictions wherein the death penalty is imposed.

We believe this authority to transfer cases *before opinion*, under Art. V, Sec. 10 supra, obviates the necessity, at least for the present, to provide by rule of this Court for an enlargement of our mandatory jurisdiction under Art. V, Sec. 3, supra.

The Missouri Court of Appeals is a court of general appellate jurisdiction. This Court "only has such appellate jurisdiction as has been specifically conferred upon it by the Missouri Constitution." Ward v. Consolidated School District, 320 Mo. 385, 389, 7 S.W.2d 689, 690.

■ Appellant was convicted of robbery in the first degree. Robbery in the first degree is not an offense "punishable by a sentence of death or life imprisonment." This Court does not have jurisdiction of this appeal.

The cause is ordered transferred to the Springfield District of the Missouri Court of Appeals.

SEILER, MORGAN, HOLMAN, BARDGETT and HENLEY, JJ., concur; FINCH, C. J., concurs in separate concurring opinion filed.

FINCH, Chief Justice (concurring).

I concur in the principal opinion and file this separate opinion only to more fully state my reasons for so concurring.

Whether we have jurisdiction in this case depends on the meaning of the phrase "offenses punishable by a sentence of death or life imprisonment" which appears in Art. V, § 3, Constitution of Missouri, 1945, as amended. There would seem to be three possible interpretations of that phrase: (1) It includes offenses under all open ended statutes specifying a minimum sentence but under which a maximum sentence of life imprisonment may be imposed. Under this interpretation, death as a possible punishment would not be a prerequisite to jurisdiction in the Supreme Court. The state's brief recognizes but does not advocate this interpretation. (2) It means that the Supreme Court has jurisdiction of all cases where both death and life imprisonment are possible but in which the statute also authorizes imposition of imprisonment for a term of years. This is the interpretation urged by the state and by movant. (3) The interpretation adopted by the principal opinion that the phrase contemplates those offenses where the only two alternative sentences possible are death or life imprisonment.

I find it easy to rule out possibility No. 1. If this had been the intended meaning,

there would have been no reason to mention a sentence of death in describing the offenses of which the Supreme Court would have jurisdiction. In that event, the constitutional provision could (and I believe would) have stated simply that the Supreme Court shall have exclusive appellate jurisdiction in all cases in which the defendant may be sentenced to as much as life imprisonment. This automatically would have included all cases punishable by death. The fact that the constitutional provision specifically mentions that the offenses of which the Supreme Court has jurisdiction are punishable by death or life imprisonment clearly indicates that this court does not have jurisdiction of cases in which death is not a possible punishment.

Alternative interpretation No. 2 is arguable since in that situation both death and life imprisonment are possibilities. However, if this interpretation had been the intention of the framers and of the people, it would have been necessary only that the constitutional provision say that the Supreme Court shall have exclusive appellate jurisdiction in all cases involving offenses in which a defendant may be sentenced to death. Such language would have included instances in which a person was sentenced to life imprisonment or to a term of years as authorized by the statute, provided, of course, the defendant could have received the death penalty in those cases. The fact that Art. V, § 3, was not so written, but instead specifically states the two alternatives as death or life imprisonment, indicates that this alternative interpretation No. 2 was not what was intended.

Possibility No. 3, adopted by the principal opinion, is the only interpretation which fits exactly the phrase "offenses punishable by a sentence of death or life imprisonment." I conclude, as does the principal opinion, that the language means

exactly what it says, that it is not ambiguous, and that it limits our jurisdiction to offenses in which death or life imprisonment are the only two possible punishments.

The interpretation which the court adopts in this case is consistent with other changes made by the 1970 revision of Art. V. Prior to the effective date of that amendment, the Supreme Court consisted of seven judges and six commissioners and had very extensive appellate jurisdiction, including all felony appeals. On the other hand, the jurisdiction of the three Courts of Appeals was limited to misdemeanors and cases involving a maximum dollar amount which did not fall within one of the categories in which jurisdiction was imposed on the Supreme Court.

The 1970 revision altered the structure of the appellate court system in Missouri. It eliminated commissioners on the Supreme Court [1] so that this Court would become a court of seven judges with no provision for expansion in personnel of the court. The three Courts of Appeals were consolidated into a single Court of Appeals of Missouri with three geographical districts, but with provision for increasing the number of geographical districts as the need should arise. In addition, commissioners on the Court of Appeals were to be phased out and replaced by judges on said court, thereby making it possible for the court to operate in panels of three and make more effective use of its manpower so as to dispose of a larger number of cases. Furthermore, membership on the Court of Appeals was left open ended so that additional judges could be added, as needed, by legislative action.

The 1970 revision of Art. V, § 3, in recognition of the change in size of the Supreme Court, also materially reduced its exclusive appellate jurisdiction. However,

1. The six commissioners are to be phased out over a period of time and may not be replaced by the Supreme Court. Instead, they are replaced by new judges on one of the districts of the Court of Appeals.

To date, the number of commissioners has been reduced to four and two judges have been added to the Court of Appeals, one in St. Louis and one in Kansas City.

the Judicial Article provided that the Supreme Court should retain superintending control over the whole system and, more importantly, authorized transfer by order of this Court of cases before as well as after opinion by the Court of Appeals. I think that it is obvious that it was intended that, more than ever before, the Court of Appeals should hear most direct appeals and the Supreme Court should become truly a court of last resort, concentrating on the decision of important cases and reconciling divergence of opinions between districts of the Court of Appeals and between prior decisions of the Supreme Court and those of the Court of Appeals, thereby achieving uniformity in judicial interpretation throughout the state.

It is both fortunate and understandable that the provision of the Constitution with respect to handling criminal appeals was drafted as it was. For example, if it had been written in accordance with possible interpretation No. 1 heretofore discussed, this Court would have exclusive appellate jurisdiction over at least twenty-one offenses. See §§ 30.400, 41.720, 195.200, 556.140, 557.020, 557.050, 557.230, 558.220, 558.240, 559.030, 559.150, 559.180, 559.230, 559.260, 559.270, 559.280, 560.010, 560.135, 562.010, 562.230 and 564.560, V.A.M.S., in some of which the sentence would be a minimum of two years imprisonment. During the year July 1, 1970, through June 30, 1971, a total of 132 cases involving offenses in which defendant could receive as much as life imprisonment (direct appeals and cases pursuant to Rule 27.26) were submitted in the Supreme Court. On the basis of a court of seven judges, that would be nineteen cases per judge, and it is obvious that such a mandatory jurisdiction in the criminal field would compel this Court to function primarily as a "court of criminal appeals" and would severely limit the ability of the Court to exercise its superintending authority, its rule-making authority, its decision of important cases, and its performance of the function of harmonizing and reconciling decisions of all the appellate courts of Missouri. If it had been the intention that this Court should function primarily as a "court of criminal appeals," I believe that such intention would have been clearly stated.

For the foregoing reasons, I concur in the principal opinion.