John Henry PARKS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 57607.

Supreme Court of Missouri, En Banc.

April 9, 1973.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Robert A. Simons, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Neil MacFarlane, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant, John Henry Parks, on October 15, 1963, entered a plea of guilty in Jackson County, Missouri, to a charge of murder in the first degree, and was sentenced to life imprisonment.

On November 24, 1970, appellant filed a motion to withdraw guilty plea and to vacate judgment and sentence under Rules 27.25 and 27.26, V.A.M.R. An evidentiary hearing was held on February 26, 1971, and, on September 20, 1971, the trial court denied relief.

On January 10, 1972, appellant was given leave to file notice of appeal out of time, and he filed his notice of appeal in the Circuit Court of Jackson County on January 11, 1972. The case was argued in Division Two of this Court on January 10, 1973. On January 11, 1973, it was transferred to the Court En Banc. It was rebriefed and reargued on March 7, 1973.

The question is whether jurisdiction is in this Court or in the Missouri Court of Appeals, Kansas City District.

Mo.Const. Art. V, § 3 (as amended at special election August 4, 1970, effective date January 1, 1972), provides, in part, that the Supreme Court shall have exclusive appellate jurisdiction " * * * in all appeals involving offenses punishable by a sentence of death or life imprisonment * * *." On June 14, 1972, in Garrett v. State, 481 S.W.2d 225, 227, this Court held that such phrase "embraces 'only those offenses having as alternative punishments life imprisonment or death,'" and noted that, on June 14, 1972, the only offense having alternative punishments of death or life imprisonment was murder in the first degree.

On June 29, 1972, the Supreme Court of the United States, in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, "ruled that the death penalty under statutes such as we have in Missouri * * * may may not now be imposed * * * [and that the] sole and only punishment for first degree murder in this state is now life imprisonment." State v. Cuckovich, 485 S.W.2d 16, 28 (Mo. banc, Sept. 11, 1972).

We must conclude that murder in the first degree is not now an offense having alternative punishments of death or

life imprisonment. This Court does not have jurisdiction of this appeal.

The cause is ordered transferred to the Kansas City District of the Missouri Court of Appeals.

HENLEY, J., concurs in separate concurring opinion filed.

SEILER and MORGAN, JJ., concur and concur in separate concurring opinion of HENLEY, J.

DONNELLY, J., concurs in separate concurring opinion of HENLEY, J.

FINCH, C. J., dissents in separate dissenting opinion filed.

HOLMAN and BARDGETT, JJ., dissent and concur in separate dissenting opinion of FINCH, C. J.

HENLEY, Judge (concurring).

I concur fully in the principal opinion. It follows faithfully, as it must, the rationale of the court's unanimous en banc decision in Garrett v. State[1] on June 14, 1972. It does not veer in the slightest degree from the path of reason of *Garrett,* and rightly so, despite the inclination some might have to be swayed because of the impact on the court's criminal appellate jurisdiction as a result of the decision of the United States Supreme Court abolishing the death penalty[2] on June 29, fifteen days after *Garrett.*

*If,* as my dissenting brothers believe, the court is in an untenable position with reference to jurisdiction in criminal appeals, it is there, I respectfully submit, not because of the decision in *Garrett* or because of the principal opinion, but because, as the dissenting opinion so clearly demon-

strates, it was placed there by language used in § 3 of Article V and the recent decision in *Furman.*

The framers of the 1970 amendment had the foresight to draft sufficient flexibility into Section 10 of the Judicial Article as to empower the court to transfer cases before opinion by order and to decide a case the same as on original appeal.

It should be remembered that on the day *Garrett* was decided, the court, recognizing that the obvious intent of the people was that this court decide the most serious criminal offenses, entered an order pursuant to the authority of Section 10, directing that all appeals involving convictions wherein the death penalty is imposed be transferred immediately from the court of appeals to this court *before opinion.* This order remains in effect. The decision in *Furman* did not affect it. If the general assembly should enact legislation making an offense punishable solely by death, an appeal from a conviction which imposes that sentence would be decided by this court. With this order in effect, the court recognizes the possibility of the enactment of such legislation. One fact thus remains clear and certain: the court will not permit the affirmance of a judgment imposing the death sentence without a full review by it, the state's court of last resort.

FINCH, Chief Justice (dissenting).

I must dissent because I am of the view that the principal opinion places us in a completely untenable position with reference to jurisdiction in criminal appeals.

Art. V, § 3, Const. of Mo., presently states that this Court has exclusive appellate jurisdiction "in all appeals involving offenses punishable by a sentence of death or life imprisonment." The question presented herein is—what does this language mean? In which cases does this Court have jurisdiction?

---

1. 481 S.W.2d 225.

2. Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346.

Obviously, the section vests jurisdiction in cases in which the alternative punishments of death or life imprisonment are both available. This was decided in State v. Garrett, 481 S.W.2d 225 (Mo. banc 1972). At the time of that decision, first degree murder could be punished by death or it could be punished by life imprisonment. The jury (and in some cases the judge) had these two alternatives available.

Defendant was convicted of first degree murder on a plea of guilty, and the judge sentenced him to life imprisonment. Thereafter, defendant sought to withdraw his plea and when his request was denied, this appeal followed. Meanwhile, the case of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), was decided, resulting in a ban against enforcement of the existing statutory provision permitting imposition of the death penalty for first degree murder. The precise question presented is whether this decision in Furman deprives this Court of the jurisdiction it had in first degree murder cases under our decision in Garrett.

The purpose of Art. V, § 3, as I pointed out in my concurring opinion in State v. Garrett, supra, was to cut down substantially on the mandatory appellate jurisdiction of this Court. Under the constitutional change, the Court was to be reduced from a court of seven judges and six commissioners to a court of seven judges, which would act more as a supervising and reviewing court than previously, concentrating on deciding important cases and reconciling divergence in decisions of our various appellate courts. As a corollary, the mandatory appellate jurisdiction of this Court was reduced. With respect to criminal appeals, the framers of the amendment elected not to write in terms of the punishment actually imposed and instead used language which based jurisdiction on the punishment which could be imposed for the offense. The result was the language heretofore mentioned, namely, "punishable by a sentence of death or life imprisonment." However, it is obvious that the intention was to limit original appellate jurisdiction in criminal cases to those which were the most serious.

Suppose that before the situation was complicated and confused by the decisions in Garrett and Furman, the General Assembly had enacted a statute which made murder committed in the act of highjacking an aircraft an offense punishable solely by death. Is it conceivable that this Court at that time would have interpreted Art. V, § 3, as meaning that we would have jurisdiction in regular first degree murder cases punishable by death or life imprisonment, but that it vested jurisdiction of cases punishable by death only in the Court of Appeals? I do not believe that this would have happened.

When Garrett was written, the issue presented was whether the constitutional provision also gave us original appellate jurisdiction in cases in which the punishment might be as little as two years in the penitentiary with a maximum of life imprisonment. We held, and I think properly so, that Art. V, § 3, did not confer jurisdiction of such cases. We held that only when death or life imprisonment were the alternatives would we have jurisdiction under Art. V, § 3, as amended. We did not focus at that time on what would be the situation if we had an offense punishable only by death or only by life imprisonment, because those situations did not exist and were not presented to us. I think it also is fair to say that none of us at that time really anticipated the result subsequently reached by the Supreme Court of the United States in Furman v. Georgia, supra.

Of course, we now are confronted with a situation in which life imprisonment is the only punishment that is permitted under Furman. In addition, we must recognize that there have been legislative proposals that statutes be enacted in which the only punishment would be death. It remains to be seen whether such legislation is enacted, but in deciding the case before us it would be unrealistic for us to ignore the fact that such a statute may be enacted and we

would then be confronted with the question of whether, under Art. V, § 3, we would have original appellate jurisdiction in such case. Under the principal opinion in this case, we would not have jurisdiction in either of these situations. We would have the anomalous situation that cases in which death was the exclusive penalty would go to the Court of Appeals, but cases in which death or life imprisonment were alternative punishments (assuming a new statute providing such alternatives) would come to this Court. I cannot believe that this is what the framers intended or the people believed the language provided when they adopted it. I cannot accept this as a proper interpretation of Art. V, § 3.

"In determining the true meaning and scope of constitutional or statutory provisions, the intent and purpose of the lawmakers is of primary importance." Graves v. Purcell, 337 Mo. 574, 85 S.W.2d 543, 547 (banc 1935). In ascertaining such intent, the various possible alternative meanings should be considered, and if one which is fair, rational and reasonable exists, such interpretation should be adopted in preference to one which produces an illogical or unreasonable result. Graves v. Purcell, supra.

I submit that it is illogical and unreasonable to conclude that by Art. V, § 3, the framers and adopters intended that this Court should not have jurisdiction in cases in which the sole and only possible punishment is death but that they intended by such language to provide that we should have jurisdiction where the jury or judge had a choice as between death and life imprisonment in imposing punishment. It likewise is illogical to conclude that the constitutional section has a meaning which would confer no appellate criminal jurisdiction on this Court, but that is the effect of the principal opinion.

On the other hand, it is reasonable and logical to say that "punishable by a sentence of death or life imprisonment" means that this Court has jurisdiction in cases punishable by a sentence of death only, in cases punishable by a sentence of death or life imprisonment only and in cases punishable by a sentence of life imprisonment only.

This construction of the language of Art. V, § 3, is, I believe, consistent with our earlier decision in Garrett v. State, supra. I know, at least, that it is consistent with what I intended by my concurring opinion therein. If, for any reason, such a result is inconsistent with Garrett, then I would modify the decision in that case to this extent.

I would hold that we have jurisdiction in this case and would retain and decide the appeal.