STATE of Missouri, Respondent,

v.

Bobby Lee CURRY, Appellant.

No. 39885.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 14, 1979.

Walter S. Drusch, Jr., Drusch & Dillard, Cape Girardeau, for appellant.

John D. Ashcroft, Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

Defendant appeals his conviction for first degree murder, which conviction resulted in a sentence of life imprisonment. Defendant was charged with the shooting death of Lawrence A. "Bill" Hitt while defendant, acting in concert with another, was attempting to rob a liquor store in Cape Girardeau. At the time of the attempted robbery and subsequent shooting, Mr. Hitt was one of two employees in the store.

The State's evidence consisted primarily of: 1.) The confession of defendant; 2.) the testimony of Roger Hood, a co-employee of "Bill" Hitt, who was present at the liquor store during the robbery; 3.) the testimony of one Olandis Totten, an acquaintance of defendant who was present during the planning of the robbery; and, 4.) the testimony of Gregory Starks, defendant's accomplice in the commission of the robbery. In respective order, this evidence demonstrated the following:

1.) Defendant's written confession stated that the robbery was planned by Gregory Starks and Larry Gilmore, two or three days before the attempt was made. Gilmore supplied the gun but only Starks and defendant entered the store. Defendant was carrying the weapon. Both wore ski masks and stockings. Starks attempted to open the store's cash register as defendant kept watch over the employees. Defendant became embroiled in a wrestling match with Hitt for possession of the gun. During this tussle, the gun went off and Hitt fell backward. Defendant and Starks left the store before obtaining any money.

2.) Roger Hood testified to being present in the store with Hitt when two men entered with ski masks. He was informed that this was a robbery and to lie on the floor. He saw Hitt grab for the gun and get shot for his effort. While he could make no identification, defendant's size and stature matched that of the gunman.

3.) Olandis Totten testified that he witnessed Gilmore, Starks and defendant plan the robbery. They dressed in old clothes and donned stockings and ski masks in preparation thereto. He walked with the trio to within one block of the store, then left their company.

4.) Gregory Starks stated that he was one of the would-be robbers. It was he and defendant who entered the store wearing ski masks. He attempted to rifle the cash register while defendant kept watch with the gun. Defendant was grabbed by Hitt and the two were wrestling when the gun discharged. Subsequently, Starks and defendant fled.

On appeal, defendant complains: That this court lacks jurisdiction to proceed with this appeal; that the trial court erred in admitting into evidence the alleged written confession of defendant; and, that the trial court further erred in allowing into evidence the testimony of a witness not endorsed on the information, contrary to the express provisions of Rule 24.17. Obviously, should this court lack jurisdiction as defendant claims, we would be forestalled from disposing of this case on the merits. Therefore, we first approach the issue of jurisdiction.

As the basis of his argument, defendant refers to the terms of Article V, Section 3 of the Constitution of the State of Missouri as amended in 1972.[1] However, defendant's challenge to this court's ability to hear this appeal under the provision cited above, has already been ruled adversely to defendant's position by the Missouri Supreme Court. *Garrett v. State*, 481 S.W.2d 225[3–4] (Mo. banc 1972); and *Parks v. State*, 492 S.W.2d 746[1–2] (Mo. banc 1973). Defendant initially appealed to the Supreme Court, but that court transferred the case to us.

The Supreme Court has determined that it does not have exclusive jurisdiction of an appeal involving a first degree murder con-

1. Article V, Section 3 states inter alia:
   "The supreme court shall have exclusive appellate jurisdiction in all cases . . . in all appeals involving offenses punishable by a sentence of death or life imprisonment . . . ."

viction when the alternative punishments of death or life imprisonment are not involved. *Garrett, supra*; *Parks, supra*. Defendant was convicted pursuant to § 559.007 R.S.Mo. (Supp.1975). The only sentence defendant could receive at the time of his conviction was life imprisonment. See § 559.009(3) (Supp.1975). Therefore, defendant was not exposed to the alternative punishments of death or life imprisonment. We have jurisdiction.

Defendant next complains of the admission of his written confession as he alleges himself to have been under the influence of alcohol and drugs (namely, marijuana and "speed"). Specifically, defendant challenges the voluntariness of his confession, stating he was intoxicated, "to such an extent . . . [his] . . . confession was rendered involuntary." At the hearing on the motion to suppress, various persons testified as to the events ultimately leading to defendant's confession. This testimony was as follows:

Defendant testified that, on the day of the confession, he had been drinking beer and wine, as well as having smoked "pot" and taken "speed". He further alleged that he does not remember signing the statement.

Officer Nunley, defendant's brother-in-law, testified he found defendant that day, on the street, in front of a friend's house; that he and defendant conversed about the crime herein involved; that defendant stated to Nunley he was responsible for the shooting and had, "to talk to someone about it." Officer Nunley further testified that he escorted defendant to the police station and, while en route, defendant confided to him that while he had not actually done the shooting, he intended to "take the rap" for the person who had. Officer Nunley also stated that defendant appeared "under the influence" when he went to the station, and was immediately taken to interrogation.

Officers Brown and Linecum conducted the interrogation. Both testified that defendant was read his rights, appeared to understand them and seemingly was neither drunk nor under the influence of drugs. They stated that defendant had no trouble speaking, responding to questions or with his memory.

Upon hearing this testimony, the trial court concluded that defendant knowingly and intelligently waived his privilege against self-incrimination and his right to counsel; and, that he gave the statement of his own volition. Generally speaking, the state has the burden of proving voluntariness by a preponderance of evidence only. *State v. Olds*, 569 S.W.2d 745[4] (Mo. banc 1978). The court, in considering the evidence, need not have believed defendant's self-serving statements, nor the testimony of Officer Nunley but could attach to such testimony whatever weight it chose. It is obvious that, in this case, the court chose to believe the testimony of the interrogating officers.

As stated by the Supreme Court of Missouri in *State v. Smith*, 342 S.W.2d 940[1–3] (Mo.1961):

"'The fact that accused was more or less intoxicated when he confessed does not exclude the confession if he had sufficient mental capacity to know what he was saying.'" at 941.

However, the fact of intoxication may be considered by the jury in lessening the probative weight of the confession. Having examined the record of this case in light of *State v. Heather*, 498 S.W.2d 300 (Mo.App. 1973), and *State v. Wisdom*, 540 S.W.2d 94 (Mo.App.1976), we find no error in the admission of defendant's statement. This point is denied.

Defendant last complained of the late endorsement of state's witness, Gregory Starks. There is no question but that the state failed to endorse Starks upon the information before the trial commenced. Defendant claims that the trial court's allowal of Starks late endorsement constituted surprise and operated to defendant's prejudice, because he "did not have sufficient time in which to prepare a defense for . . . ." Starks' testimony.

At trial, Gregory Starks was called as a witness for the state. Defense counsel ob-

jected that Starks was not endorsed on the information and contended that it was his understanding that the state would not use Starks, but would rely instead on defendant's confession. The prosecuting attorney was not of the same recollection as to his conversations with defense counsel relative to the use of Starks, but admitted that Starks had not been endorsed.

Initially, the trial court gave defense counsel an opportunity to interview the witness. After the interview, counsel told the court that the witness candidly answered his questions, and that the answers he gave were of no surprise. The court then offered to give defendant a continuance, ". . . either because of surprise or because you haven't had an opportunity to defend against this witness." To which offer defense counsel replied, "On this rather short notice, I have no specific or even general reason to request a continuance." The trial resumed with the testimony of Starks.

Rule 24.17 provides that the names of material prosecuting witnesses should be endorsed on any indictment or information. However, it is generally recognized that this rule is not absolute for, as Judge McMillian stated in State v. Long, 532 S.W.2d 814[1] (Mo.App.1975),

> There is no doubt that the trial court has broad discretion in permitting the endorsement of the names of additional witnesses, State v. Thost, 328 S.W.2d 36, 38 (Mo.1959), and a judgment of conviction will not be reversed because of a late, irregular or imperfect endorsement absent an abuse of that discretion. State v. Strawther, 476 S.W.2d 576, 579 (Mo.1972); State v. Fraley, 369 S.W.2d 195 (Mo.1963) and State v. Whaley, 512 S.W.2d 431 (Mo. App.1974). 532 S.W.2d at 817 and 818.

Having examined the entire record, we do not believe the trial court herein abused its discretion. Defendant makes no allegation of surprise that Starks was at least a potential witness. In point of fact, defendant could not be surprised by the nature of Starks' testimony because his own confession confirmed Starks' complicity in the crime. The only surprise to defendant was in the use of Starks as a witness. As enounced in State v. Strawther, 476 S.W.2d, at 580, . . . it is difficult to conclude that defendant and his counsel were surprised in the legally accepted sense of the term." It appears that the trial court made every effort to protect the defendant's rights and the defendant, in effect, refused a continuance. See State v. Maxie, 513 S.W.2d 338[3] (Mo.1974). Therefore, defendant's last point also stands denied.

Affirmed.

CLEMENS and GUNN, JJ., concur.