STATE of Missouri, Respondent,

v.

Thomas GRAHAM, Appellant.

No. SC 87424.

Supreme Court of Missouri,
En Banc.

Nov. 7, 2006.

Robert T. Haar, Susan E. Bindler, Maggie B. Peters, St. Louis, J. Christian Goeke, Clayton, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, Edmund Postawko, Office of City Atty., St. Louis, for Respondent.

RICHARD B. TEITELMAN, Judge.

Section 563.230, RSMo 1969,[1] provides that persons convicted of sodomy "shall be punished by imprisonment in the penitentiary not less than two years." Section 541.190 provides that there is no statute of limitation on the prosecution of offenses "punishable with death or by imprisonment in the penitentiary during life...." The dispositive issue in this case is whether sodomy is an offense "punishable with death or by imprisonment in the penitentiary during life...."

### FACTS

On December 17, 2002, a grand jury indicted Thomas Graham for sodomy based upon conduct that occurred between January 12, 1975, and December 31, 1978. Graham filed a motion to dismiss the indictment in which he asserted that the prosecution was barred by the three year statute of limitation in section 541.200, which applies to all felonies except those that fall within the ambit in section 541.190. Graham argued that section 541.190 applied only to crimes for which the punishment is death or a minimum of life imprisonment. In response, the state argued that section 541.190 applied because life imprisonment is a potential sentence for sodomy; therefore, sodomy is an offense punishable by life imprisonment. The circuit court sustained Graham's motion to dismiss. The court of appeals reversed and remanded the case for trial. A jury convicted Graham, and he was sentenced to twenty years imprisonment. Graham appeals.

### ANALYSIS

The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language. If statutory language is subject to more than one reasonable interpretation, then the statute is ambiguous. *State v. Rowe,* 63 S.W.3d 647 (Mo. banc 2002). Under the rule of lenity, an ambiguity in a penal statute will be construed against the government or party seeking to exact statutory penalties and in favor of persons on whom such penalties are sought to be imposed. *J.S. v. Beaird,* 28 S.W.3d 875, 876 (Mo. banc 2000). Any ambiguity as to which of two statutes of limitation apply in a criminal case must be interpreted "in favor of repose." *Toussie v. United States,* 397 U.S. 112, 115, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970).

Section 541.190 provides no time limitation on the prosecution of offenses "punishable with death or by imprisonment in the penitentiary during life...." The sodomy statute under which Graham was

---

1. All statutory references are to RSMo 1969     unless noted otherwise.

prosecuted provides that offenders "shall be punished by imprisonment in the penitentiary not less than two years." The state argues that because the sodomy statute permits an open-ended sentence of up to life imprisonment, sodomy is an offense "punishable with death or by imprisonment in the penitentiary during life...." The state's interpretation of section 541.190 is plausible. However, it is equally plausible that the phrase "punishable with death or by imprisonment in the penitentiary during life" refers to the most serious crimes, such as first-degree murder, which specify death and life imprisonment as alternative maximum punishments. Given two plausible interpretations of section 541.190, the only certainty is that the statute is ambiguous.

The ambiguity in section 541.190 is reinforced given this Court's interpretation of similar language in *State v. Naylor*, 328 Mo. 335, 40 S.W.2d 1079 (1931), and *Garrett v. State*, 481 S.W.2d 225 (Mo. banc 1972). In *Naylor*, the defendant was charged with second degree murder, which carried a punishment of not less than ten years of imprisonment. The statute at issue governed the number of peremptory challenges in criminal cases and the size of jury panels and stated in part that:

> In all criminal cases the state and the defendant shall be entitled to a peremptory challenge of jurors as fo[l]lows: First, if the offense charged *is punishable by death or imprisonment in the penitentiary for life,* the state shall have the right to challenge six and the defendant twelve, and no more; second, in all other cases punishable by imprisonment in the penitentiary the state shall have the right to challenge four and the defendant eight and no more .... (emphasis added).

The defendant argued that because a second degree murder conviction could result in a life sentence, he was, therefore, entitled to twelve peremptory challenges. The *Naylor* Court disagreed, and held that the phrase "punishable by death or imprisonment in the penitentiary for life" did not include offenses that carried open-ended punishments that included the possibility of life imprisonment. *Naylor* supports Graham's position that the open-ended punishment provided in the sodomy statute is not an offense "punishable with death or by imprisonment in the penitentiary during life" under section 541.190.

In *Garrett*, the defendant was charged with robbery, which carried an open-ended punishment of not less than five years imprisonment. The Court held that its exclusive appellate jurisdiction over "all appeals involving offenses punishable by a sentence of death or life imprisonment" did not apply to offenses, such as robbery, that specified a minimum prison term and an open-ended maximum sentence. The Court reasoned that the phrase "punishable by a sentence of death or life imprisonment" includes "only those offenses having as alternative punishments life imprisonment or death," and "does not embrace offenses which have a sentence of less than life imprisonment as a minimum and a maximum of either life imprisonment or death." *Id.* at 227.

■ Like the statutes in *Naylor* and *Garrett*, the sodomy statute under which Graham was convicted provides for a minimum prison term and an open-ended maximum sentence. In *Naylor* and *Garrett*, this Court concluded that statutory language similar to that at issue in this case applied only to the most grave offenses for which death or life imprisonment were alternative punishments. At the very least, these cases establish that the phrase "punishable with death or by imprisonment in the penitentiary during life" used in section 541.190 is subject to an interpretation different than that advanced by the state.

The rule of lenity requires this Court to resolve the ambiguity in Graham's favor. Therefore, section 541.190 applies only to those offenses for which death and life imprisonment are alternative punishments. The offense of sodomy, which provides for a minimum sentence of two years imprisonment, is not such an offense and is, therefore, subject to the three year statute of limitation set forth in section 541.200. The state indicted Graham more than three years after the commission of the offense. Therefore, the judgment is reversed.

All concur.